# Charles H. Salmon Building and Loan Association v. Mroz

*Herman H. Greenberg*, for plaintiff.
*Irwin Trauss*, for defendants.

BULLOCK, *J.,* December 14, 1977—Plaintiff, Charles H. Salmon Building and Loan Association, on August 10, 1977, filed a complaint in mortgage foreclosure against defendants John A. Mroz and Dorothy M. Mroz, his wife, mortgagors with respect to premises 3462 Palmetto Street, Philadelphia. The amount claimed to be due is $7,683.55. Prior to the filing of the complaint, plaintiff on June 23, 1977, sent to defendants by certified mail a notice of intention to foreclose. The notice lists as "the amount that will be due" $455.53. Defendants have filed preliminary objections contending, inter alia, that the notice does not comply with the requirements of the Act of January 30, 1974, P.L. 13, sec. 403, 41 P.S. §403. At oral argument, counsel argued only this issue and this is the only issue we believe requires discussion.

We take judicial notice of the fact that in recent years a variety of both Federal and state laws have been enacted to minimize injustice to noncommercial consumers, especially those of limited means. These acts have recognized the fact that transactions between businesses and consumers were often conducted without the consumers' understanding their legal rights or the legal consequences of their actions. By the time consumers hired lawyers, if they could afford to do so, and were advised of their rights, if was often too late. We believe that the Act of 1974, supra, was intended to address this situation with respect to foreclosures of residential mortgages of people of moderate means. We note that its terms are limited to "residential mortgages" (which are defined as involving $50,000 or less) and that article IV thereof which includes sections 401-408 is entitled "Protective Provisions." Under the circumstances, we believe,

we are obliged to review the notice herein in light of what it would convey to a reasonably intelligent layman, not to a lawyer.

Section 403(a) specifically provides that the mortgagee must give the debtor 30 days notice of its intention to take any one or more of the following actions: (a) to accelerate the maturity of the mortgage, (b) to commence any legal action of mortgage foreclosure or (c) to take possession of any security. Section 403(c) provides that the notice shall "clearly and conspicuously state" various things, including debtor's right to cure default under section 404. The basic question before us is thus whether plaintiff's notice of June 23, 1977, clearly and conspicuously states all the information required by law. We believe it does not.

We cannot ignore the phrase "clearly and conspicuously." The term "conspicuous" is defined in the Uniform Commercial Code of April 6, 1953, P.L. 3, §1-201, as amended, 12A P.S. §1-201, as follows:

"(10) 'Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is 'conspicuous'. Whether a term or clause is 'conspicuous' or not is for decision by the court."

The comment for this provision reads as follows:

"10. 'Conspicuous'. New. This is intended to indicate some of the methods of making a term

attention-calling. But the test is whether attention can reasonably be expected to be called to it." This definition is quoted with approval in Contractor Industries v. Zerr, 241 Pa. Superior Ct. 92, 359 A. 2d 803, fn.5. (1976). In Johnson v. Concord Mutual Insurance Co., 450 Pa. 614, 621, 300 A. 2d 61 (1973), the only Supreme Court case we have been able to discover dealing with the issue of conspicuousness, it was held that a "sixteen word, single line provision at the extreme end of the binder-application form . . . in fine print" was not "conspicuous, plain and clear." Dictionary definitions of "conspicuous" which we have found include "easy to notice," "obvious" and "attracting attention by being unusual or remarkable." Simply incorporating the statement of debtor's rights in a letter without any emphasis, as was done in the present case, does not, in our view, meet the requirements of the act. We hold that such statement must be in relatively large letters or underscored or in a different color from the rest of the notice or emphasized in some other way that would cause the attention of a reader of ordinary intelligence to be drawn to it. There was no information conspicuously stated in the notice herein.

The subject notice, moreover, does not "clearly" state what the law requires. It speaks of possible foreclosure but does not state, much less make it clear, that foreclosure involves aceleration of the maturity of the mortgage. In addition, although section 403(c) requires that the debtor be notified of his rights under sections 403 and 404, we do not believe that these rights have been set forth in the following respects: (1) Although the notice does state that the debtor may cure the default up to one

hour of actual foreclosure, it fails to state with the specificity possible the amount which would be required for such a cure. Section 403(a) requires that the notice state "exactly" what performance would be required for cure. (2) The notice does not adequately state the debtor's obligation regarding attorneys fees. Section 404 makes reference to section 406, which latter section limits counsel fees to $50 prior to commencement of legal action. We believe that the notice should advise the debtor of his liability for attorneys fees both before and after filing of suit. (3) The notice fails to advise the debtor that the default may be cured within 30 days of the notice. It states, inter alia, *"After* thirty days, you have the right . . . "(Emphasis supplied.) No reference is made to the right to cure within the 30-day period, which is presumably the only period within which the debtor can be sure of limiting his liability for counsel fees to $50. (4) The notice does not "clearly" state the time within which the defect must be cured. The obvious intention of this section is to require that the debtor be advised how long he has in which to act for his own protection by curing the default. A realistic interpretation of this section, we believe, requires notifying the debtor of the soonest date upon which the property could be sold at sheriff's sale. (5) The notice fails to advise the debtor that he may cure a default no more than three times in one year.

For the reasons indicated, we believe the notice herein not only failed to meet the technical requirements of the law, but also failed to comply with the spirit of the law requiring the giving of clear notice to the debtors of their status and rights and advising them precisely what action they were

obliged to take and within what time to protect themselves.

## ORDER

And now, December 14, 1977, defendants' preliminary objections are sustained and plaintiff's complaint in mortgage foreclosure is dismissed, without prejudice to plaintiff's right to file an amended complaint, after having filed a notice complying with the requirements of the Act of January 30, 1974, P.L. 13, sec. 101 (f), 41 P.S. §101 (f).